ROCAFORT, PLAINTIFF AND APPELLEE, *v.* CANTERO ET AL., DE-
FENDANTS AND APPELLANTS.

APPEAL from the District Court of San Juan in an Action
of Debt on Contract.

No. 2791.—Decided February 15, 1923.

DEBT—DEPOSIT—CUSTODIAN—INTEREST.—A debtor who desires to prevent the
running of interest should deposit the amount of his debt in the court,
although, by reason of an attachment levied in a different action, the court
may have ordered the retention of the said amount by the debtor, for that
order does not give him the character of a custodian exempt from payment
of interest.

The facts are stated in the opinion.

*Mr. J. Martínez Dávila* for the appellants.

*Mr. Juan de Guzmán Benítez* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Primitivo Rocafort obtained a judgment against two de-
fendants in the sum of $2,000 with interest thereon at the
rate of ten per cent per annum from May 11, 1917. The
only part of the judgment appealed from is that relative to
interest, inasmuch as defendants and appellants say that
in May, 1917, in an attachment proceeding against their
creditor, Rocafort, they were ordered not to pay the principal
sum or any part thereof, but were ordered to retain the

whole amount in their custody until further order of the court. Appellants insist that they ought not to be mulcted in interest when they were under an order of a competent court not to pay. Rocafort, the appellee, was sued and an attachment issued against his debtors. Subsequently he won the suit and it was not his fault that he was unable to collect his debt against the present appellants.

Despite the order of the court, if appellants had wanted to stop the running of interest the way was open to them. They could have consigned the money into court by virtue of the provisions of the Civil Code, sections 1144 *et seq.* If appellants were in doubt as to any feature of their duties they could have petitioned the court to allow them to consign the money. As it was they obtained money from Rocafort and retained it throughout the years. They had the full benefit of the loan and the use of the money. Similarly in the United States, to stop the running of interest money should be paid into court. 22 Cyc. 1559.

Incidentally we may say that it does not appear that appellants were made custodians of the money, but that the principal firm for whom they were sureties *in solido* was ordered not to pay. Not even that firm was made a custodian. Hence section 1672 of the Civil Code in regard to money deposited is inapplicable. No money was deposited with appellants.

Section 1124 of the Civil Code provides that obligations are extinguished by payment, etc., and appellants have not brought themselves within any provision of that section.

The judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Aldrey, Hutchison and Franco Soto concurred.